**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO**

– – – – – – – – – – – – – – – – – – – – – – – – – –

| | | |
|---|---|---|
| JONELLA TESONE | : | 17 cv. 02101 (MEH) |
| Plaintiff(s), | : | |
| against | : | |
| EMPIRE MARKETING STRATEGIES et al, | : | |
| Defendant(s). | : | |

– – – – – – – – – – – – – – – – – – – – – – – – – –

## PLAINTIFF'S OPPOSED MOTION FOR ENLARGEMENT OF TIME TO DESIGNATE EXPERT

Plaintiff, Jonella Tesone, respectfully requests that this Court grant her motion for an enlargement of time to designate an expert medical witness.  Specifically, Plaintiff asks that the discovery deadline be extended for 90 days, for the limited purpose of disclosing expert witnesses and rebuttal witnesses and so parties can depose those witnesses. Plaintiff's expert is in California, which will create some logistical issues, which is why she asks for 90 total days. Plaintiff's counsel has conferred with Defendant's counsel who related that Defendant opposes this motion and will respond accordingly.

### Introduction

 Plaintiff filed her case, through the undersigned, on August 31, 2017.  (Docket at 1). This court's scheduling order, which it issued, on November 21, 2017, required parties to designate experts by February 5, 2018. (Docket at 17).  Discovery cut-off was set at May 21, 2018. (Id.)  The undersigned agreed to these cutoffs with Empire's former counsel, Ms. Rust, in early November 2017.  Defendant's sent their initial disclosures to the undersigned on November

28, 2017.  Those disclosures stated that Plaintiff's personnel file was available to review in defense counsel's office in Denver, CO.  (Exhibit 1, page 2-3).

On February 26, 2018, the undersigned spoke with Mr. John Keene, who related that he would send the personnel file to the undersigned.  (See Exhibit 2).  On March 6, 2018, Ms. Shoaei, co-counsel for Defendant, sent over the Plaintiff's personnel file, which contained a letter from Dr. Manjarres, the doctor who wrote Ms. Tesone's letter for Defendant, outlining her impairments and their resultant limitations.  (See Exhibit 3).  Unfortunately, this letter was not included in the first set of documents Plaintiff submitted to the undersigned.  The undersigned concedes that this is a document he should have been looking for in the beginning of the case but did not.  This error was inadvertent.  However, by the time the undersigned received the letter from Dr. Manjarres, the deadline for designating an expert had already passed.

In attempting to comply with Defendant's discovery requests, the undersigned and his staff tried with some difficulty to contact Dr. Manjarres' office to retrieve records.  Because Dr. Manjarres was away from his office for a protracted period, we were not able to retrieve those documents until April 13, 2018.  (Ex. 4)

**The Undersigned's Errors**

The parties began deposing witnesses on March 20, 2018. On that first day of depositions, Mr. Keen let the undersigned know that he believed Plaintiff would not be able to prove her case, because we had not designated an expert and the expert disclosure date had passed.  The undersigned immediately began researching the standard for excusable neglect in order to seek leave from this court to enlarge the time to designate and disclose Plaintiff's expert, Dr. Manjarres.  Failure to know that an expert was required did not appear to fit into the category of excusable neglect.

The undersigned also believed incorrectly that the business record exception, coupled with the testimony of the records custodian would be enough to get the Plaintiff's medical records into evidence, which would be sufficient to demonstrate that she had a disability that limited a major life activity.  In coming to this conclusion, the undersigned relied on *Felkins v. City of Lakewood,* which reads in relevant part, "None of the medical evidence in the appellate record supports Ms. Felkins's allegation that she has avascular necrosis or details the degree to which it affects her major life activities." Felkins v. City of Lakewood, 774 F.3d 647, 651 (10th Cir. 2014).

The undersigned believed then that Ms. Tesone's case was distinguishable from the case in *Felkins* specifically because the evidence in her medical file does demonstrate that she had a back impairment, and that it did affect a major life activity. (See Def's Exhibits 6 and 7 in support of MSJ).  The undersigned now believes, due in large part to the settlement discussions parties held on November 1, 2018, which included discussions with Judge Mix, that not having an expert to testify regarding Ms. Tesone's physical impairments would almost certainly be fatal to the Plaintiff's case.  Therefore, the undersigned moves the court to enlarge the time for Plaintiff to designate a medical expert.

**Prejudice to Defendant**

The undersigned recognizes that if the court grants its motion for enlargement, Defendant will be prejudiced.  However, the prejudice should be limited to the extended time and effort Defendant will now have to expend to depose Plaintiff's expert and amend its dispositive motions, if it finds that necessary.  It might be therefore appropriate for Plaintiff's counsel to bear some of that additional financial burden as a sanction.  This would be preferable to the

Plaintiff's case being dealt a fatal blow, because of the undersigned's mistake.  As to any other prejudices Defendants might suffer, the undersigned will defer to their competent counsel.

### Appropriate Remedies

To the degree that the court finds that Plaintiff's counsel's error did not fall within excusable neglect, then it should find under *Smith* that the fault lies with the undersigned, and fashion sanctions appropriately.  Smith v. United States, 834 F.2d 166, 171 (10th Cir. 1987). This was not an instance of lackadaisicalness on the part of the undersigned, but one of legal error.  The undersigned is aware of his charge under the Rules of Professional Responsibility to be competent and makes no excuses for his error.  Rather, the undersigned asks that if the court is of the mind to fashion a punishment for the error, then it do so in a way that does not end the Plaintiff's case, or just as badly, put Plaintiff in the uncomfortable position of being at odds with her attorney.  The undersigned has already reached out to Dr. Manjarres' office to seek his CV and fees, which will necessarily be disclosed in the 26(a)(2)(B) disclosures.

Dated:   November 1, 2018
      Denver, Colorado

Respectfully submitted,

Whitcomb, Selinsky, McAuliffe, PC
/s/Joseph A. Whitcomb.
Joseph A. Whitcomb, Esq.
2000 S. Colorado Blvd.,
Tower one, Suite 9500
Denver, CO 80222
(303)534-1958 office

Attorney for Plaintiff Jonella Tesone

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on November 1, 2018, a true copy of the above and foregoing was served via electronic mail, addressed as follows:

John D. Keen
Maral Shoaei
555 Seventeenth St., Suite 3400
Denver, CO  80202
Tel: (303) 534-5160
Fax: (303) 534-5161
jkeen@grsm.com
mshoaei@grsm.com

*Attorneys for Defendants*

/s/ *Joseph A. Whitcomb*
For Whitcomb, Selinsky, McAuliffe, PC