**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.  1:17-cv-02101-MEH

JONELLA TESONE

          Plaintiff,

v.

EMPIRE MARKETING STRATEGIES, Inc.

          Defendant.

---

**DEFENDANT'S COMBINED RESPONSE AND OBJECTION TO THE MOTION TO
VACATE PRE-TRIAL CONFERENCE AND AMEND SCHEDULING ORDER [DOC. 49]
AND MOTION FOR ENLARGEMENT OF TIME TO DESIGNATE EXPERT [DOC. 50]**

Defendant Empire Marketing Strategies, Inc. ("Empire"), through its attorneys, Gordon Rees Scully Mansukhani, LLP, respectfully submits this Combined Response and Objection to the Motion to Vacate Pre-Trial Conference and Amend Scheduling Order [Doc. 49] and Motion for Enlargement of Time to Designate Expert [Doc. 50].  In support, Empire states as follows:

### I.    <u>INTRODUCTION</u>

The Court should deny both Motions, because Plaintiff has not demonstrated good cause or excusable neglect for failing to disclose an expert prior to the discovery deadline of February 5, 2018 or subsequently thereafter on May 21, 2018, after discovery closed.

### II.    <u>BACKGROUND</u>

On August 31, 2017, Plaintiff filed the Complaint in the United States District Court for the District of Colorado.  On September 21, 2017, Gordon & Rees LLP entered an appearance on behalf of Empire.  The Court held a Scheduling Conference on November 20, 2017, and the

Court issued its Scheduling Order on the next day. The Court's Scheduling Order ordered various deadlines for the case, including the expert discovery deadline at issue here.

Of relevance, the Court set the expert disclosures discovery cut-off for **February 5, 2018**[1]. As conceded by Plaintiff's counsel, the undersigned informed opposing counsel on numerous occasions, including March 20, 2018, that his failure to designate an expert is critical [Doc. 50, p. 2]. On March 21, 2018, Plaintiff's counsel stated: "I expect to file a motion for the enlargement of time to appoint and disclose experts." (*See* March 21, 2018 Email, **Exhibit A**). However, no enlargement of time was sought. Undersigned counsel further addressed this issue at Plaintiff's deposition on April 27, 2018, albeit off the record. This discussion occurred in the presence of the clients, including the Plaintiff. Yet, Plaintiff's counsel again failed to seek an amendment to the scheduling order or seek an enlargement of time.

Discovery closed on May 21, 2018. [Doc. 17]. On July 20, 2018, Empire again raised Plaintiff's failure to designate an expert in its Motion for Summary Judgment [Doc. 35] and in its subsequent Reply [Doc. 40]. Plaintiff failed to address the issue altogether in its August 16, 2018 Response [Doc. 39]. At the request of Plaintiff's counsel, the parties attended a settlement conference on November 1, 2018. Because your Honor is our Trial Judge, the Court requested that the Settlement Conference be conducted by Magistrate Judge Mix. The Parties requested that the Pre-Trial Conference be moved to accommodate the Settlement Conference. Empire attended the Settlement Conference in good-faith, but Plaintiff failed to engage in negotiations after being again made aware that failure to designate an expert is potentially fatal. [Doc. 50, p. 3]. Now, nearly **nine months, or 269 days**, after the expert disclosure deadline and **over five**

---

[1] This date was 274 days from the date of this filing and 269 days prior to Plaintiff's Motions.

**months** since discovery closed, Plaintiff seeks to amend the Scheduling Order and enlarge time to designate an expert.   As further discussed below, both Motions should be denied.

### III.     ANALYSIS

Plaintiff's Motion to Amend the Scheduling Order is governed by F.R.C.P. 16.  The Rule states, in relevant part, that a "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Strope v. Collins*, 315 Fed. Appx. 57, 61 (10th Cir. 2009) (citing *Minter v Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)).  It "does not focus on the bad faith of the movant, or the prejudice to the opposing party." *Pappas v. Frank Azar & Associates, P.C.*, 2007 WL 4224196 at *2 (D. Colo. 2007).  Further, "mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause."  *Home Design Servs. V. Trumble*, 2010 U.S. Dist. LECIS 46723 (D. Colo. Apr. 9, 2010) (citing *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005) and *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985) (holding that the movant had not established "good cause" under Rule 16(b) where counsel failed to immediately undertake discovery and sought a belated extension of pretrial deadlines)).

"Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *McMillan v. Wiley et al.*, 2011 U.S. Dist. LEXIS 103617 (Dist. Colo. 2011) (unpublished); *Weil v. Carecore National, LLC*, 2011 U.S. Dist. Lexis 55014 (Dist. Colo. 2011) (unpublished) (citing *Colo. Visionary Acad. V. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo.

2000).  Plaintiff must establish that the scheduling order's deadlines could not have been met with diligence.  *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir. 2014) ("In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." (citation and internal quotation marks omitted)); *Okla. ex rel. Doak v. Acrisure Bus. Outsourcing Servs.*, LLC, 529 F. App'x 886, 891 (10th Cir. 2013) (finding no abuse of discretion when the district court refused to amend the scheduling order to extend all deadlines—including expert designations—because the moving party failed to show good cause for the extension).

"If a party discovers that it needs an extension of time after a deadline has expired, any extension must be supported by a statement of excusable neglect."  *Am. Nat'l Prop. & Cas. Co. v. Uscier*, 2010 U.S. Dist. LEXIS 81633 (D. Colo. July 14, 2010).  "In the Tenth Circuit, as in all other reported cases, a tactical decision cannot, as a matter of law, qualify as excusable neglect under Fed. R. Civ. P. 6(b)(1)(B)."  *Maddox v. Verizon*, 2010 U.S. Dist. LECIS 65731 (D. COlo. Jun 10, 2010).  "The Tenth Circuit . . . has recognized the interrelation between 'excusable neglect' and 'good cause.'"  *Pulsecard, Inc. v. Discover Card Services Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) (citing *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996)).

Courts in this District and within the Tenth Circuit have held that a party's failure to engage an expert and timely move for extension of the expert disclosure deadline does not constitute good cause for amendment of the scheduling order.  *See e.g., Am. Nat'l Prop. & Cas. Co. v. Uscier*, 2010 U.S. Dist. LEXIS 81633 (D. Colo. July 14, 2010) (that plaintiff "failed to show either good cause or excusable neglect for its failure to designate an expert timely."); *Rothermund v. City of Craig*, 2000 U.S. Dist. LEXIS 14452 (D. Colo. Sept. 25, 2000); *Montoya*

*v. Sheldon*, 286 F.R.D. 602  (D.N.M. 2012) (the Court did not find good cause to modify the scheduling order and reopen discovery and refused to grant the plaintiffs' request  do so, where the plaintiffs' excuse for not disclosing their expert before the close of discovery was that they thought that the case would settle and they would thus not require expert testimony.); *Scull v. Management & Training Corp.*, 2012 U.S. Dist. LEXIS 63742 (D.N.M. May 2, 2012) (The Court determined that the plaintiff was seeking "relief from his own disregard" for the expert disclosure deadline).

Further, "untimeliness alone is an adequate reason to refuse leave to amend," *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005), "especially when the party filing the motion has no adequate explanation for the delay."  *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994); *see also Pathak v. FedEx Trade Networks T & B Inc.*, 2018 U.S. Dist. LEXIS 5218 (D. Colo. Jan. 11, 2018) (denying request for amendment of scheduling order when plaintiff already "knew of the underlying conduct but simply failed to raise the claims.").

Here, as an initial matter, Plaintiff does not address the good cause requirement in her motion to amend the Scheduling Order.  Rather, in the "Opposed Motion for Enlargement of Time to Designate Experts," Plaintiff's counsel states that it is only now seeking an enlargement of time to designate expert because: the "undersigned now believes, due in large part to the settlement discussions parties held on November 1, 2018, which included discussions with Judge Mix, that not having an expert to testify regarding Ms. Tesone's physical impairment would almost certainly be fatal to the Plaintiff's case."  [Doc. 50, p. 3].  However, this reasoning is not adequate.  Not knowing the importance of an expert in an ADA disability discrimination case,

despite being told by Empire's counsel on several occasions, including in a Motion for Summary Judgment to which Plaintiff responded, does not permit an amended scheduling order allowing for an enlargement of time to designate an expert. *See, e.g., Wiese v. Homes*, 2009 U.S. Dis. LEXIS 31717 (D. Colo. Mar. 31, 2009) (denying expert disclosure when served two days after deadline. "Sympathy for the Plaintiff's position cannot be the basis for overlooking the rules governing this lawsuit."); *Turner v. Schering -Plough Corp*., 901 F.2d 335, 341 n. 4 (3rd Cir. 1990) ("Rule 16 scheduling orders are at the heart of case management, and if they can be flouted every time counsel determines [he] made a tactical error in limiting discovery, their utility will be severely impaired.").

Additionally, Plaintiff's motions ignore the time and expense that Empire will have to incur in retaining its own expert and preparing for additional depositions. Furthermore, it is also incorrect to suggest that an extension of discovery is somehow more palatable in this case, because a trial date has not been set. *Trumble*, 2010 U.S. Dist. LEXIS 46726 at *35 (denying motion to amend/modify scheduling order to extend deadline and reschedule pre-trial conference when plaintiff failed to abide by discovery deadlines even though trial date not set).

Further, Plaintiff ignores the time and cost Empire has already expended in preparing a Motion for Summary Judgment, including a Reply, and attending a settlement conference that Plaintiff and her counsel voluntarily abandoned the morning of, as well as, a Pre-Trial Order revealing the witnesses and documents Empire intends to rely on at trial. All of the aforementioned has allowed Plaintiff to fully view Empire's case, while now trying to re-litigate a crucial aspect of the *prima facie* claim it could have rectified at least nine months ago. In other words, Plaintiff cannot pretend that none of the above already occurred and now use it to its

advantage—unduly prejudicing Empire.  *See Martinez v. Target Corp*., 384 F. App'x 840, 848 (10th Cir. 2010) (unpublished) (defendant would be prejudiced by the reopening of discovery and the re-briefing of summary judgment, due to late disclosure of expert reports); *Butler v. Boeing Co*., 110 F. App'x 71, 73 (10th Cir. 2004) (unpublished) (affirming trial court's denial of motion to reopen discovery after summary judgment filed and on basis of relevance); *Silverstein v. Fed. Bureau of Prisons*, 2011 U.S. Dist. LEXIS 17592, 2011 WL 588717, at *2 (D. Colo. Feb. 10, 2011) ("Defendants would be prejudiced if discovery were reopened in light of the fact that their summary judgment motion has already been filed.").

Finally, allowing Plaintiff to now designate an expert is futile.  Empire accommodated Plaintiff for any alleged disability.  As addressed in the Motion for Summary Judgment, Plaintiff concedes that this is not a case concerning failure to accommodate, but rather the termination of her employment although she believed herself as a good employee.  [Doc. 35, p. 5].  As evidenced in the Motion for Summary Judgment, Empire terminated Plaintiff's employment due to her violations of company policies, not because of an alleged disability.

## IV.  CONCLUSION

Plaintiff has not demonstrated good cause as to why the Court should grant an enlargement of time and why the Scheduling Order should be amended to allow disclosure of an expert witness—almost nine months after the deadline expired.  The requests should therefore be denied, and Empire should receive its fees and costs.

Respectfully submitted this 6th day of November, 2018.

GORDON & REES LLP

*/s/ John Keen*
John D. Keen
Maral Shoaei
555 Seventeenth St., Suite 3400
Denver, CO  80202
Tel:  (303) 534-5160
Fax: (303) 534-5161

*Attorneys for Defendant Empire Marketing Strategies*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 6, 2018, a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system, which will send notification to all counsel referenced below:

Joseph A. Whitcomb
LaQunya Baker
Rocky Mountain Disability Law Group
Tower One, Suite 9500
2000 So. Colorado Blvd.
Denver, CO  80222
joe@whitcomblawpc.com

*Counsel for Plaintiff*

*/s/ Kelly M. Trease*
For Gordon & Rees LLP