**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.  1:17-cv-02101-MEH

JONELLA TESONE

       Plaintiff,

v.

EMPIRE MARKETING STRATEGIES, Inc.

       Defendant.

---

## MOTION FOR SANCTIONS AND FEES

Defendant Empire Marketing Strategies, Inc. ("Empire"), through its attorneys, Gordon Rees Scully Mansukhani, LLP, respectfully submits this Motion for Sanction and Fees.  In support, Empire states as follows:

### CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCIVR 7.1

Undersigned counsel has conferred with Plaintiff about the relief requested herein. Plaintiff opposes this motion.

### BACKGROUND

On August 31, 2017, Plaintiff filed the Complaint in the United States District Court for the District of Colorado.  On September 21, 2017, Gordon Rees Scully Mansukhani, LLP entered an appearance on behalf of Empire.  The Court held a Scheduling Conference on November 20, 2017, and the Court issued its Scheduling Order on the next day, which consisted of all discovery deadlines, including the designation of expert witnesses by both parties.  The parties engaged in ongoing discovery, including writing discovery, as well as depositions of Plaintiff and several

Empire representatives.

Of relevance, the Court set the expert disclosures discovery cut-off for **February 5, 2018**. As conceded by Plaintiff's counsel, the undersigned informed opposing counsel on numerous occasions, including March 20, 2018, that his failure to designate an expert is critical [Doc. 50, p. 2]. On March 21, 2018, Plaintiff's counsel stated: "I expect to file a motion for the enlargement of time to appoint and disclose experts." [*See* Doc. 53]. However, no enlargement of time was sought. Undersigned counsel further addressed this issue at Plaintiff's deposition on April 27, 2018, albeit off the record. This discussion occurred in the presence of the clients, including the Plaintiff. Yet, Plaintiff's counsel again failed to seek an amendment to the scheduling order or seek an enlargement of time.

Discovery closed on May 21, 2018. [Doc. 17]. On July 20, 2018, Empire again raised Plaintiff's failure to designate an expert in its Motion for Summary Judgment [Doc. 35] and in its subsequent Reply [Doc. 40]. Plaintiff failed to address the issue altogether in its August 16, 2018 Response [Doc. 39]. Per Plaintiff's counsel's request, the parties set a settlement conference with Magistrate Judge Mix for November 1, 2018. Judge Mix required settlement statements five days in-advance. Empire abided by Judge Mix's Order; however, Plaintiff's counsel did not do so until approximately 24-hours before the conference, giving Judge Mix virtually no time to review the claims/issues.

Additionally, Empire attended the Settlement Conference in good-faith, but Plaintiff failed to engage in negotiations after being again made aware that failure to designate an expert is potentially fatal to its ADA claim. [Doc. 50, p. 3; Doc. 54-4]. Rather, Plaintiff and her counsel voluntarily abandoned the settlement conference without engaging in any negotiations.

Specifically, Plaintiff and her counsel advised that they were now going to file a Motion to Amend Scheduling Order and a separate Motion to Amend Complaint.  [Doc. 54-4].  In other words, Plaintiff's counsel used the mediation conference as a way to discover the holes in his client's case, although he should have already known under the ADA case law and undersigned counsel's advice that failure to designate an expert is highly fatal.  Plaintiff's counsel is now trying to re-litigate issues about which he failed to exercise reasonable judgment and to address for over nine months.

## <u>ANALYSIS</u>

Under this Court's Practice Standards and the Federal Rules of Civil Procedure the Court may sanction an attorney, a party, or both if either does not participate in good faith in a pretrial conference.  Fed. R. Civ. P. 16(f); *see* Practice Standard IV(D).  An award of fees may be in lieu of or in addition to any other sanction for noncompliance.  *Id*.  The Minute Order setting the Settlement Conference is such a pretrial order under Rule 16(f).  *See* Practice Standard IV.

The purpose of a sanction under Rule 16(f) is to provide for efficient case management and to "compensate opposing parties for the inconvenience and expense resulting from an adversary's noncompliance." *G.J.B. & Assoc. v. Singleton*, 913 F.2d 824, 831 (10th Cir. 1990). It does not require the finding of bad faith, only that plaintiffs were not substantially justified in their actions.  Fed. R. Civ. P. 16(f)(2); *Hijar v. Pueblo Sch. Dist. No. 60*, 2008 U.S. Dist. LEXIS 46192 (D. Colo. June 12, 2008).  The Tenth Circuit Court of Appeals stated in *Matter of Baker*, 744 F.2d 1438 (10th Cir.1984) that:

> "[i]t is clear from the language and the context in which this amendment to the Rule [16(f)] was enacted that neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions. The intent is to impose the sanction where the fault lies. It is not necessary that the party or the party's lawyer

be in violation of a court order as required for the application of Rule 37(b)(1), Federal Rule of Civil Procedure."

*Id*. at 1440-41. The Court further stated:

> "We are not dealing here with the historic concept of contempt. We are not dealing with the traditional award of attorney's fees as an adjunct of success in litigation. Nor are we dealing with the defiant refusal of an attorney or party to comply with some order of the court, such as discovery. Instead, we are dealing with the matter most critical to the court itself: management of its docket and avoidance of unnecessary burdens on the tax-supported courts, opposing parties or both. The primary purpose of sanctions in this context is to insure reasonable management requirements for case preparation. The secondary purpose is to compensate opposing parties for inconvenience and expense incurred because of any noncompliance with the reasonable management orders of the court. Of course the trial court has discretion to withhold the award of expenses, including reasonable attorney's fees, on an affirmative finding that the noncompliance was substantially justified or that other circumstances would make the award unjust."

*Id*. at 1441.

Here, after Plaintiff's counsel requested mediation, the parties requested a settlement conference by stipulated motion. [Doc. 41]. They submitted themselves voluntarily to the Court's procedural order regarding the manner in which a settlement conference would be conducted. Plaintiff's counsel filed no objection to that order, nor did it seek clarification. Empire followed that order and attended the conference in good faith. Plaintiff's counsel, however, violated that order. Specifically, he failed to provide Magistrate Judge Mix with his statement of facts and legal issues, five days prior to the conference. In fact, Plaintiff's statement was not given to Judge Mix until approximately 24-hours before the conference itself, when it had virtually no utility.

Additionally, Plaintiff and her counsel failed to attend the mediation in good-faith. Once Magistrate Judge Mix reiterated that Plaintiff has a likely-fatal case without a designation of an expert, Plaintiff abandoned all negotiations. Rather, Plaintiff's counsel advised that it would

seek an amendment to the Scheduling Order to now designate an expert—nine months after the expert designation deadline expired and after undersigned advised Plaintiff's counsel of its deficiency on numerous occasions, as well as amend the Complaint nearly 15 months after initiating this lawsuit.  Plaintiff refused to engage in any meaningful discussions, even though it is the party that requested mediation.  These actions thwart the purposes of Rule 16(f) to promote efficiency.  Rather, Plaintiff's counsel's actions are "volative of the spirit of the Federal Rules of Civil Procedure, as encapsulated in Fed. R. Civ. P. 1 and its declaration that this Court should construe and administer the Rules to secure the just, speedy, and inexpensive determination of every action and proceeding."  *EEOC v. Original Honeybaked Ham Co. of Ga*., 2013 U.S. Dist. LEXIS 26887 (D. Colo. Feb. 27, 2013).  Plaintiff's counsel's violation resulted in the Court and Empire spending hours in a judicial proceeding that could have been avoided had Plaintiff designated expert in a timely manner and after being repeatedly told of its failure to establish the requisite disability criteria under an ADA discrimination case.

Further, under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."  Section 1927 focuses on whether an attorney's conduct "imposes unreasonable and unwarranted burdens on the court and opposing parties." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc). "Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law. They may also be awarded when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Danielson-Holland v. Standley & Associates, LLC*, 512 F.

App'x 850, 853 (10th Cir. 2013) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005)).

"An attorney is expected to exercise judgment. [Courts] will not excuse objectively unreasonable conduct." *Id.* (citing *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) ("If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious.")).

Here, Plaintiff's counsel has provided no basis for his voluntary refusal to engage in good faith negotiations at the November 1, 2018 settlement conference, other than he realized he made a mistake by not designating an expert over nine months ago.  This mistake could have been fixed months ago, as Plaintiff's counsel stated he would designate an expert, but he never did. [*See* Doc. 53].  Rather, he unreasonably burdened Empire to engage in settlement negotiations, while failing to exercise reasonable judgment.

## CONCLUSION

For all the above reasons, Empire respectfully requests that this Court grant its motion and for such other relief to which the Court deems proper.

Respectfully submitted this 8th day of November, 2018.

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ John Keen*
John D. Keen
Maral Shoaei
555 Seventeenth St., Suite 3400
Denver, CO  80202
Tel:  (303) 534-5160
Fax: (303) 534-5161

*Attorneys for Defendant Empire Marketing Strategies*

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned hereby certifies that on November 8, 2018, a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system, which will send notification to all counsel referenced below:

Joseph A. Whitcomb
LaQunya Baker
Rocky Mountain Disability Law Group
Tower One, Suite 9500
2000 So. Colorado Blvd.
Denver, CO  80222
joe@whitcomblawpc.com

*Counsel for Plaintiff*

                                         */s/ Kelly M. Trease*
                                         For Gordon Rees  Scully Mansukhani, LLP